FILED

2015 Mar-24  PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| BROOKE PEARMAN, and | ) | |
| JODI LEE | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2:15-cv-00015-SLB |
| v. | ) | |
| | ) | |
| HOOTERS OF TRUSSVILLE, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENTS

Plaintiffs Brooke Pearman, Jodi Lee, Stephanie Gray and Erika Parker (collectively "Plaintiffs"), and Hooters of Trussville, LLC ("HOA" or "Defendant") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter.  Because Plaintiffs' action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreements must be approved by this Court and said approval must be entered as a stipulated final judgment.

## I.   Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees.  First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the

employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement.  *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreements to resolve and release the Plaintiffs' FLSA claims against Defendant.  The proposed settlement arises out of an action brought by the Plaintiffs against their current and former employer, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiffs were represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of minimum wage under § 203(m) of the FLSA which provides the means by which employers employing tipped employees are permitted to pay reduced-minimum wages. Plaintiffs allege that during their employment with Defendant, Plaintiffs were required to participate in an invalid tip pool and/or tip sharing program including non-tipped employees.  Defendant claimed a "tip credit" for the difference between the reduced minimum wage it paid Plaintiffs and the required hourly minimum wage. Defendant admits that Plaintiffs were required to share tips with employees, other than servers. However, Defendant denies Plaintiffs were required to share tips with "Staff Guys" who Plaintiffs claim are not "tipped employees" as defined by the FLSA. Defendant contends that the statute of limitation bars some or all of Plaintiffs' claims.

"In reviewing a settlement of an FLSA private claim, the court must scrutinize the settlement for fairness and determine that the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Stalnaker v. Novar Corp.*, 293 F. Supp 2d 1260, 1263(M.D. Ala. 2003) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 1353, 1355

First, Defendant provided Plaintiffs with copies of arbitration agreements signed by Plaintiffs. All the arbitration agreements included language stating that "all claims between you and the Company will be exclusively decided by arbitration govern by the Federal Arbitration Act before one neutral arbitrator and not by a Court or Jury." Certain, but not all, arbitration agreements included provisions prohibiting certain Plaintiffs from proceeding on a collective, class or other representational basis. Second Defendant, provided Plaintiffs' counsel with records title "Day by Day Time Wage Records" for plaintiffs, showing the clock-in and clock-out, dates and times for each Plaintiff as well as documents titled "Tipshares By Day."

Defendant maintained that the required tip-sharing with "Staff Guys" was discontinued in May 2012, and represented that a full review of their records supported these contentions. Plaintiffs recognized that generally the statute of limitations under the FLSA is two years, and expanding the liability period to

three years required Plaintiffs demonstrating the violation was willful.

Plaintiffs and their counsel discussed the documentary evidence and formulated

proposed settlement figures.  The Parties then engaged in settlement

discussions, based upon their independent calculations.  The Parties recognized

that the costs associated with the production of additional records, review of

such records, and/or procurement of potential testimonial evidence necessary

for damage calculations would significantly increase litigation costs, potentially

jeopardizing the settlement amounts and delay any payment to Plaintiffs.

  Accordingly the Parties, through their attorneys, voluntarily agreed to the terms

of their settlement agreements during negotiations.  All parties were counseled

and represented by their respective attorneys throughout the litigation and

settlement process. The parties maintain this settlement is a fair and reasonable

resolution of a bona fide FLSA dispute. They reviewed the evidence and the

applicable law and have concluded that the settlement of these claims is in the

best interest of the Parties.

II.   **Terms of Settlement**

A.     Compensation

1.     The parties have agreed to settle Plaintiff Brooke Pearman's claim for Seven Thousand One Hundred Fifty Three Dollars ($7,153.00).  This amount represents a fair and reasonable resolution of Plaintiff Pearman's FLSA claims in this lawsuit.   HOA agrees to pay: to Pearman Three-Thousand, Five-Hundred Seventy-Six Dollars and Fifty Cents ($3,576.50) as wage income, less lawful deductions; to Pearman Three-Thousand, Five-Hundred Seventy-Six Dollars and Fifty Cents ($3,576.50) as non-wage income, to be reported as 1099 income. This money will be paid within ten (10) days of court approval of the settlement.

2.     The parties have agreed to settle Plaintiff Stephanie Gray's claim for Eight Thousand Six Hundred Fifty Two Dollars ($8,652.00).  This amount represents a fair and reasonable resolution of Plaintiff Gray's FLSA claims in this lawsuit.    HOA agrees to pay: to Gray Four-Thousand, Three-Hundred Twenty-Six Dollars ($4,326) as wage income, less lawful deductions; to pay to Employee Four-Thousand, Three-Hundred Twenty-Six Dollars ($4,326) as non-wage income, to be reported as 1099 income.

This money will be paid within ten (10) days of court approval of the settlement.

3.      The parties have agreed to settle Plaintiff Jodi Lee's claim for Three Thousand One Hundred Sixty Seven Dollars ($3,167.00).  This amount represents a fair and reasonable resolution of Plaintiff Lee's FLSA claims in this lawsuit.    HOA agrees to pay: to Lee One-Thousand, Five-Hundred Eighty-Three Dollars and Fifty Cents ($1,583.50) as wage income, less lawful deductions; to Lee One-Thousand, Five-Hundred Eighty-Three Dollars and Fifty Cents ($1,583.50) as non-wage income, to be reported as 1099 income. This money will be paid within ten (10) days of court approval of the settlement.

4.      The parties have agreed to settle Plaintiff Erika Parker's claim for One Thousand Sixty Three Dollars ($1,063.00).  This amount represents a fair and reasonable resolution of Plaintiff Parker's FLSA claims in this lawsuit. HOA agrees to pay: to Parker Five-Hundred Thirty-One Dollars and Fifty Cents ($531.50) as wage income, less lawful deductions; to pay to Parker Five-Hundred Thirty-One Dollars and Fifty Cents ($531.50) as non-wage income, to be reported as 1099 income. This money will be paid within ten (10) days of court approval of the settlement.

B.     Defendant has agreed to pay a total of Eighteen Thousand Dollars ($18,000.00), for attorney's fees and costs to the law firm of Wiggins, Childs, Pantazis, Fisher, & Goldfarb, attorneys for Plaintiffs, for all work through the conclusion of representation.  This money will be paid within ten (10) days of court approval of the settlement.

C.     Defendant will make these payments by hand delivery or by overnight delivery to Plaintiffs' counsel.

## III.   <u>Conclusion</u>

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties without prejudice.

A proposed Order granting the relief requested herein is attached to this Motion as <u>Exhibit "A"</u> hereto.


Respectfully submitted this <u>24 </u>day of <u>March</u>, 2015.


<u>*/s/ Daniel Arciniegas*</u>
Daniel E. Arciniegas
Jon C. Goldfarb
L. William Smith
Wiggins, Childs, Pantazis, Fisher &
Goldfarb, LLC
The Kress Building
301 19th Street North

Birmingham, Alabama 35203

COUNSEL FOR PLAINTIFFS

*/s/ Tammy L. Baker*
Tammy L. Baker (ASB-9522-B62T)
bakert@jacksonlewis.com
Direct Dial:  205-332-3106
JACKSON LEWIS P.C.
First Commercial Bank Building
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama  35209
Facsimile:  205-332-3131

COUNSEL FOR DEFENDANT