FILED

2015 Jun-17  PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **BROOKE PEARMAN; JODI LEE; ERIKA PARKER; and STEPHANIE GRAY,** ) ) ) | |
| **Plaintiffs,** ) | |
| ) | **Case Number  2:15-CV-0015-SLB** |
| **vs.** ) | |
| ) | |
| **HOOTERS OF TRUSSVILLE, L.L.C.,** ) | |
| ) | |
| **Defendant.** ) | |

**<u>MEMORANDUM OPINION</u>**

This case is currently before the court on the parties' Joint Motion to Approve Settlement Agreements.  (Doc. 11.)[1]  For the reasons set forth below, the parties' Joint Motion (doc. 11), is due to be granted.

Plaintiffs – Brooke Pearman, Jodi Lee, Erika Parker, and Stephanie Gray – have sued defendant, Hooters of Trussville, seeking unpaid minimum wages, liquidated damages, and attorneys fees under the Fair Labor Standards Act [FLSA].  (*See generally* doc. 8.)  The parties have reached a settlement as to plaintiffs' FLSA claims in this case and ask the court to approve their agreements.  (*See* doc. 11.)

The parties contend:

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreements to resolve and release the Plaintiffs' FLSA claims against Defendant.  The proposed settlement arises

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

out of an action brought by the Plaintiffs against their current and former employer, which was adversarial in nature.   During the litigation and settlement of this action, Plaintiffs were represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of minimum wage under § 203(m) of the FLSA which provides the means by which employers employing tipped employees are permitted to pay reduced-minimum wages.  Plaintiffs allege that during their employment with Defendant, Plaintiffs were required to participate in an invalid tip pool and/or tip sharing program including non-tipped employees. Defendant claimed a "tip credit" for the difference between the reduced minimum wage it paid Plaintiffs and the required hourly minimum wage. Defendant admits that Plaintiffs were required to share tips with employees, other than servers.  However, Defendant denies Plaintiffs were required to share tips with "Staff Guys" who Plaintiffs claim are not "tipped employees" as defined by the FLSA.  Defendant contends that the statute of limitation bars some or all of Plaintiffs' claims.

. . .

First, Defendant provided Plaintiffs with copies of arbitration agreements signed by Plaintiffs.  All the arbitration agreements included language stating that "all claims between you and the Company will be exclusively decided by arbitration govern by the Federal Arbitration Act before one neutral arbitrator and not by a Court or Jury."  Certain, but not all, arbitration agreements included provisions prohibiting certain Plaintiffs from proceeding on a collective, class or other representational basis.   Second Defendant, provided Plaintiffs' counsel with records title "Day by Day Time Wage Records" for plaintiffs, showing the clock-in and clock-out, dates and times for each Plaintiff as well as documents titled "Tipshares By Day."

Defendant maintained that the required tip-sharing with "Staff Guys" was discontinued in May 2012, and represented that a full review of their records supported these contentions.  Plaintiffs recognized that generally the statute of limitations under the FLSA is two years, and expanding the liability period to three years required Plaintiffs demonstrating the violation was willful.  Plaintiffs and their counsel discussed the documentary evidence and formulated proposed settlement figures.   The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties recognized that the costs associated with the production of additional records,

review of such records, and/or procurement of potential testimonial evidence necessary for damage calculations would significantly increase litigation costs, potentially jeopardizing the settlement amounts and delay any payment to Plaintiffs.

Accordingly the Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The parties maintain this settlement is a fair and reasonable resolution of a bona fide FLSA dispute. They reviewed the evidence and the applicable law and have concluded that the settlement of these claims is in the best interest of the Parties.

(*Id.* at 3-5.) The parties have included the amounts payable to each plaintiff, which includes an amount for unpaid wages and an equal amount as liquidated damages, and the amount of attorneys' fees and costs. (*See id.* at 6-8.) The parties did not file their settlement agreement. However, counsel for plaintiffs has informed the court that the settlement agreements do not contain a confidentiality agreement or a general release and that the plaintiffs' attorneys' fees were negotiated separately.[2]

---

[2]"Settlement of an action under the FLSA differs from settlement of other claims. Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from severe inequalities in bargaining power between employers and employees. For this reason, the FLSA's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011)(citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945)). "The parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute. The information that the parties provide also should enable the Court to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Ryan v. Event Operations Group, Inc.*, No. 2:12-CV-00670-MHH, 2014 WL 358719, *2 (N.D. Ala. Jan. 31, 2014)(internal quotations and citations omitted). The court prefers that parties file their settlement agreement. However, the court finds that the representations made to the court in this case, verbally and in writing,

The court finds that plaintiffs' claims represent a bona fide dispute over FLSA provisions, namely FLSA coverage and the amount of their unpaid wages, if any. Based on the parties' representations, the court finds that the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

An Order granting the parties' Joint Motion to Approve Settlement Agreements, (doc. 11), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 17th day of June, 2015.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

are sufficient to allow the court to determine that the terms of the settlement agreement are fair.